# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ACCOUNTING & INCOME TAX
SOLUTIONS, LLC and DEBORAH HICKS,

      **Plaintiffs,**

v.                            **Case No.  8:12-cv-2740-T-30AEP**

ROBERT LAMENSA, CYNTHIA N. SASS,
P.A., CYNTHIA SASS, and KENDRA
PRESSWOOD,

      **Defendants.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendants Cynthia N. Sass, P.A., Cynthia Sass, and Kendra Presswood's motion to dismiss or motion for more definite statement (Dkt. 36) and Plaintiffs' response in opposition (Dkt. 58).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion for more definite statement should be granted.

Plaintiffs Accounting & Income Tax Solutions, LLC and Deborah Hicks brought this action against numerous defendants under 42 U.S.C. §1983 and Florida state law for damages related to the repossession of a hair salon in Bradenton, Florida.[1]  Plaintiffs allege

_____

[1] Pursuant to a Purchase Agreement, Plaintiff Accounting & Income Tax Solutions, LLC purchased all of the salon's assets.

that Defendants Cynthia N. Sass, P.A., Cynthia Sass, and Kendra Presswood (the "Sass Defendants") represented Pam Courtney and Hair Salons of Florida in connection with a contractual dispute related to the sale of the salon that precipitated the unlawful repossession of the salon from Plaintiff Accounting & Income Tax Solutions, LLC.  Plaintiffs allege that the Sass Defendants and law enforcement from the Bradenton Police Department, acting as state actors and under the color of law, engaged in unlawful self-help repossession of the salon, which damaged Plaintiffs.

The Sass Defendants argue, in part, that the amended complaint is confusing and vague in that it refers to all of the defendants collectively and incorporates paragraphs 1-94 in every count.  Upon review of the amended complaint, the Court agrees that the allegations against the Sass Defendants are too confusing and vague to allow them to adequately formulate a response.

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Where a complaint fails to sufficiently specify the allegations, the defendant's remedy is to move for a more definite statement under Federal Rule 12(e): "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.".

The amended complaint consists of fifty-eight pages.  Paragraphs 1-94 are incorporated in each count, which generally refers to "Defendants", without identifying who committed the alleged act.  As a result, the Sass Defendants are forced to subjectively select

or guess which paragraphs directed against other Defendants are also pleaded in support of the claims against them.  This issue is particularly difficult in light of the fact that the Sass Defendants are not related to Defendants City of Bradenton, Bradenton Police Department, William Tokajer, Brian Thiers, Jay Gow, and Robert Lamensa.  In essence, the amended complaint amounts to a shotgun pleading because it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" against the Sass Defendants.  *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cnty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996).  Shotgun pleadings are routinely condemned by the Eleventh Circuit.  *See, e.g., Pelletier v. Zweifel,* 921 F.2d 1465, 1518 (11th Cir. 1991) ("Anyone schooled in the law who read these [shotgun pleading] complaints ... [ ] would know that many of the facts alleged could not possibly be material to all of the counts. Consequently, [the opposing party] and the district court [have] to sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed.").

It is therefore ORDERED AND ADJUDGED that:

1.    Defendants Cynthia N. Sass, P.A., Cynthia Sass, and Kendra Presswood's motion to dismiss or motion for more definite statement (Dkt. 36) is granted to the extent stated herein.

2.    Plaintiffs shall amend their complaint within fourteen (14) days of this order. The amended complaint should correct the deficiencies discussed herein and

identify which Defendant (by name) committed which act, as opposed to referring to Defendants collectively.

**DONE** and **ORDERED** in Tampa, Florida on April 4, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2740.mtdefstate36.frm